[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12985
Non-Argument Calendar

_____

Agency No. A206-916-769

BENARD I. NDUKWU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 8, 2020)

Before JORDAN, NEWSOM and MARCUS, Circuit Judges.

PER CURIAM:

Benard Ndukwu, a native and citizen of Nigeria, petitions for review the

Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's

("IJ") denial of his application for asylum pursuant to the Immigration and

Nationality Act ("INA"), 8 U.S.C. § 1158(a). On appeal, Ndukwu argues that substantial evidence does not support the BIA's determination that he failed to prove his membership in a cognizable particular social group. After careful review, we deny the petition.[1]

We review only the decision of the BIA, except to the extent that the BIA expressly adopts or explicitly agrees with the IJ's opinion. Tang v. U.S. Att'y Gen., 578 F.3d 1270, 1275 (11th Cir. 2009). Findings of the IJ that are not reached by the BIA are not properly before this Court. Gonzalez v. U.S. Att'y Gen., 820 F.3d 399, 403 (11th Cir. 2016).

Factual findings are reviewed under the highly deferential substantial evidence test. Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006). We must affirm the decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Silva, 448 F.3d at 1236 (quotations omitted). We view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision. Id. Thus, an IJ's decision can only be reversed if "the evidence compels a reasonable fact finder to find otherwise." Chen v U.S. Att'y Gen., 463 F.3d 1228, 1231 (11th Cir. 2006)

---

[1] Ndukwu also alleged that he was persecuted based on his religion and political opinion, which the IJ rejected. In addition to asylum, Ndukwu sought withholding of removal and CAT relief, which were also denied by the IJ. Because he does not challenge those decisions now on appeal, we do not discuss them. Cole v. U.S. Att'y Gen., 712 F.3d 517, 530 (11th Cir. 2013).

(quotations omitted). Indeed, just because the record may support a conclusion contrary to the IJ's decision, it may still not be enough to justify a reversal of the administrative findings. Silva, 448 F.3d at 1236.

The Attorney General may grant asylum to an alien who meets the INA's definition of a "refugee." 8 U.S.C. § 1158(b)(1)(A). A refugee is defined as:

> any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A). The applicant bears the burden of proving that he is a refugee. 8 U.S.C. § 1158(b)(1)(B)(i). The applicant must demonstrate that he (1) was persecuted in the past on account of a protected ground or (2) has a well-founded fear that he will be persecuted in the future on account of a protected ground. Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1257 (11th Cir. 2006).

A well-founded fear means a "reasonable possibility" of future persecution. 8 C.F.R. § 208.13(b)(2)(i)(B). To establish a well-founded fear of future persecution, the applicant must present "specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution," and demonstrate that he cannot "avoid persecution by relocating to another part of the applicant's [home] country," if such relocation would be reasonable. Id. § 208.13(b)(2)(ii); Al

3

Najjar v. Ashcroft, 257 F.3d 1262, 1287 (11th Cir. 2004) (quotations and emphasis omitted).

We defer to the BIA's reasonable interpretation of what constitutes a particular social group, including the BIA's decision in Matter of Acosta, 19 I. & N. Dec. 211 (BIA 1985). Gonzalez, 820 F.3d at 404. Relying on Matter of Acosta, we have determined that membership in a particular social group requires the members to: (1) share a common, immutable characteristic; (2) define their group with particularity; and (3) be socially distinct within the society in question. Perez-Zenteno v. U.S. Att'y Gen., 913 F.3d 1301, 1309 (11th Cir. 2019).

We have not addressed, in a published opinion, whether the particular social group proposed by Ndukwu -- "Nigerians who have witnessed serious crimes committed by Boko Haram and have reported the crimes to law enforcement" -- is cognizable under the INA. Nevertheless, evidence of private violence, or that a person would be the victim of criminal activity, "does not constitute evidence of persecution based on a statutorily protected ground." Rodriguez v. U.S. Att'y Gen., 735 F.3d 1302, 1310 (11th Cir. 2019). Additionally, "the INA does not extend eligibility for asylum to anyone who fears the general danger that inevitably accompanies political ferment and factional strife." Mazariegos v. U.S. Att'y Gen., 241 F.3d 1320, 1328 (11th Cir. 2001) (quotations omitted).

4

Moreover, in Castillo-Arias v. U.S. Att'y Gen., 446 F.3d 1190 (11th Cir. 2006), we deferred to the BIA's determination that noncriminal informants working against the Cali cartel did not constitute a particular social group within the meaning of Matter of Acosta. Id. at 1197. We reasoned that noncriminal informants did not meet the social visibility requirement because they remained anonymous, and "the very nature of [their] activity prevent[ed] them from being recognized by society at large." Id. We said that the Cali cartel would threaten "anyone and everyone perceived to have interfered with, or who might present a threat to, their criminal enterprises," which would require that informants against the cartel remain undiscovered. Id. (quotations omitted).

On the record before us, substantial evidence supports the BIA's decision affirming the IJ's denial of Ndukwu's asylum application because he has failed to show that his proposed particular social group -- "Nigerians who have witnessed serious crimes committed by Boko Haram and have reported the crimes to law enforcement" -- was a cognizable particular social group. Perez-Zenteno, 913 F.3d at 1309. Ndukwu says he is a member of this group because after Boko Haram brutally attacked his mother and sister and murdered his father, he reported his father's murder and the burning of his house to the police and Boko Haram members began to target him.

5

But despite Ndukwu's evidence about Boko Haram's horrific actions against his family, he did not show that he was a member of a particular social group. For starters, Boko Haram's attacks on the Ndukwu family were, standing alone, insufficient to establish a particular social group because our case law has held that victims of crime generally are not a particular social group. Rodriguez, 735 F.3d at 1310; Mazariegos, 241 F.3d at 1328. Moreover, while Ndukwu explained that Nigerian society perceived Boko Haram as violent extremists, he failed to address how Nigerian society would be aware of his proposed social group as socially distinct. Indeed, he offered no evidence that Nigerians would be aware of informants against the group, making his proposed particular social group similar to the noncriminal informants at issue in Castillo-Arias, where we recognized that the BIA had rejected noncriminal informants as a particular social group specifically because "the very nature of their activity prevents them from being recognized by society at large." Castillo-Arias, 446 F.3d at 1197. Although Ndukwu testified that neighbors in both his hometown and his cousin's village warned him that Boko Haram was looking for him, he did not indicate that his neighbors knew he filed police reports or viewed him as part of a socially distinct group within Nigerian society. Because Ndukwu has not shown that he was a member of a particular social group, we are compelled to deny the petition.

**PETITION DENIED.**

JORDAN, Circuit Judge, concurring.

I concur in the court's opinion, but note that this might be a different case had Mr. Ndukwu alleged that he and his family were targeted, persecuted, and attacked by Boko Haram based on their Christian faith. *See, e.g., Shi v. U.S. Atty. General*, 707 F.3d 1231, 1234-36 (11th Cir. 2013).